IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT GARRETT MARBURY, #39839-037 \*
    Petitioner,
v.      \*      CIVIL ACTION NO. PJM-11-251

DONNA ZICKEFOOSE      \*
    Respondent.
    \*\*\*\*\*

## **MEMORANDUM OPINION**

Robert Garrett Marbury ("Marbury") was convicted of one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 241(a)(1)(b)(1)(A). He was sentenced to 262 months in the Bureau of Prisons followed by five years of supervised release. Judgment was entered on May 2, 2008. No appeal was filed. *See United States v. Marbury*, Criminal No. PJM-07-297 (D. Md.).

On March 12, 2010, Marbury filed his first Motion to Vacate under 28 U.S.C. § 2255. After briefing, the Motion was denied as untimely on September 9, 2010. *See Marbury v. United States*, Civil Action No. PJM-10-626 (D. Md.) at ECF Nos. 36 & 37. Reconsideration was subsequently denied. *Id.*, at ECF Nos. 40 & 43.

On January 25, 2010, the Court received an Application for 28 U.S.C. § 2241 habeas corpus relief from Marbury, who is now confined at the Federal Correctional Institution ("FCI") at Fort Dix, New Jersey. The matter was construed and instituted as a 28 U.S.C. § 2241 Petition for habeas corpus relief. Upon review, it appears the Petition raises a direct attack of Marbury's conviction and sentence.[1] The Court finds that it lacks jurisdiction over Marbury's 28 U.S.C. § 2241 action.

---

[1] The Petition was not accompanied by the $5.00 habeas filing fee or indigency application. In light of the ruling of the court, Marbury shall not be required to correct this problem.

Jurisdiction over this habeas corpus petition lies in the federal district court where Marbury's custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (confirming that proper respondent in habeas action is a petitioner's warden); *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D. D.C. Cir. 2004) (district court "may not entertain a habeas petition involving present physical custody unless respondent custodian is within its territorial jurisdiction").[2] After *Padilla,* a court may only entertain a habeas petition involving current physical custody if the immediate custodian is within that court's jurisdiction. Marbury filed this action while confined at the FCI-Fort Dix. He is not confined in Maryland. Given these circumstances, this Court has no personal jurisdiction to adjudicate his 28 U.S.C. § 2241 Petition.

As an aside, challenges to a federal conviction are more properly filed as § 2255 motions and constitutional challenges to the validity of a conviction or a sentence must be brought under § 2255 as Congress intended.[3] *See Young v. Conley*, 128 F. Supp.2d 254, 357 (S.D. W.Va. 2001). Here, Marbury has done no more than (1) present arguments which were, or could have been, raised on appeal and/or in a timely filed § 2255 motion, and (2) attempt to circumvent the procedural bar to filing a successive § 2255 motion.[4] The remedy afforded under § 2241 is not an additional,

---

[2] The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under 28 U.S.C. § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement. *See Padilla*, 542 U.S. at 446-47 (citations and footnote omitted).

[3] The law is well established that a § 2241 petition is intended to address the execution of a sentence rather than its validity, *i.e.*, its imposition or duration. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

[4] Under 28 U.S.C. § 2244(b), a petitioner may file a second or successive § 2255 motion only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3).; *see also United States v. Rich*, 141 F.3d 550, 551, 553 (5th Cir.

alternative, or supplemental remedy to that prescribed under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

        A separate order follows dismissing this Petition without prejudice.

                                                      /s/
                                      PETER J. MESSITTE
February 17, 2011                        UNITED STATES DISTRICT JUDGE

---

1998). Thus, before a district court may consider successive motion, an appellate court must enter an order authorizing the district court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d at 1197-98. There is no showing that Marbury has sought such authorization.